1
2
3
4
5
6
7
8
9          UNITED STATES DISTRICT COURT
10          EASTERN DISTRICT OF CALIFORNIA
11                  ----oo0oo----

JOVITA VIERRIA,
                                        NO. CIV. S-09-305 FCD/GGH
          Plaintiff,

     v.                                 MEMORANDUM AND ORDER

CALIFORNIA HIGHWAY PATROL, a
public entity, TIM CASTLE, an
individual, STATE COMPENSATION
INSURANCE FUND, a quasi-
governmental entity,
CHRISTOPHER J. DEVEREUX, an
individual,

          Defendants.

                    ----oo0oo----

This matter is before the court on defendants California Highway Patrol ("CHP") and Tim Castle ("Castle") (collectively, "defendants") motion to dismiss certain claims alleged in plaintiff Jovita Vierria's ("plaintiff") first amended complaint ("FAC").[1]  Previously, the court granted in part and denied in

---

[1] Defendants State Compensation Insurance Fund and Christopher J. Devereux, who are separately represented, answered the FAC on August 3, 2009 (Docket #22).

1

part defendants' motion to dismiss plaintiff's original complaint. (Mem. & Order, filed June 24, 2009 [Docket #19].) In said order, the court granted plaintiff leave to amend. On July 13, 2009, plaintiff filed her FAC, alleging five of the same claims for relief against Castle as alleged in her original complaint and adding a new claim for relief against CHP for violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq*. (Docket #20.)

By this motion, defendants move to dismiss Paragraph 84 of the FAC, alleging as a predicate RICO act a violation of 18 U.S.C. § 664, on the ground the court granted defendants' original motion to dismiss plaintiff's RICO claim to the extent it was based on defendants' alleged theft or embezzlement from an employee benefit plan. (Docket #19 at 16-17 [holding that plaintiff could not allege a violation of 18 U.S.C. § 664 as a predicate RICO act since the CALPERS plan at issue was subject to an explicit statutory exception under ERISA].) Defendants also move to dismiss plaintiff's ADA claim against CHP, arguing such a claim is not cognizable, as a matter of law, under controlling Ninth Circuit authority.

Plaintiff opposes the motion with respect to her ADA claim only.[2] She concedes she may not assert a violation of Section 664 as a predicate RICO act, and states that she inadvertently failed to delete Paragraph 84 from the FAC. (Opp'n, filed Sept. 18, 2009, at 2:2-4.) With respect to her ADA claim, however,

---

[2] Because oral argument will not be of material assistance, the court orders this matter submitted on the briefs. E.D. Cal. L.R. 78-230(h).

2

1 plaintiff argues this court should decline to apply controlling
2 Ninth Circuit authority, and find, as other circuits have, that
3 plaintiff can state a Title II employment-based ADA claim against
4 CHP.[3]

### BACKGROUND[4]

Plaintiff worked for CHP beginning in 1993. (FAC, ¶ 16.) In 1996, she began working as an Associate Government Program Analyst in the Disability and Retirement Section ("DRS"), which is responsible for assisting CHP commands with the management of employee injury and illness claims. (FAC, ¶s 44-45.) In July 2007, plaintiff filed a workers' compensation claim asserting stress related to her employment in the DRS. (FAC, ¶s 53, 65.) In her fourth claim for relief, asserting a violation of the ADA, plaintiff alleges CHP subjected her to harassment, discrimination and retaliation based on her asserted disability, after she filed her claim for workers' compensation benefits. (FAC, ¶s 111-112.)

Plaintiff alleges the harassment included unfounded and exaggerated allegations of inappropriate conduct and the threat of disciplinary action. (FAC, ¶s 46-47, 50-52, 56-59, 63-64.) Once she was in the workers' compensation system, plaintiff

---

[3] Plaintiff states that she does not seek to allege an ADA claim against CHP pursuant to Title I; she claims that her reference to Title I in the FAC is an error, and she seeks leave to file a second amended complaint to allege a claim pursuant to Title II, which she argues the court should find cognizable. (Opp'n at 2 n. 1.) Because the court disagrees for the reasons set forth below, leave to amend is unnecessary.

[4] An extensive background of the case is provided in the court's Memorandum and Order of June 24, 2009 and will not be repeated here, as the essential facts described therein are realleged in the FAC. The court recounts in this order only those facts particularly relevant to plaintiff's ADA claim.

3

alleges defendants used the system to investigate her and manufacture other allegations of wrongdoing. Two months after she filed her disability claim, plaintiff alleges defendants brought an adverse action against her, citing minor allegations of misconduct. (FAC, ¶s 73-76.)

In 2008, the State Personnel Board overturned the CHP's decision to transfer and suspend plaintiff; plaintiff was ordered to be reinstated, with back pay for the period of suspension. However, plaintiff decided to resign. (FAC, ¶ 77.) She claims in this action that she was constructively discharged.

**STANDARD**

On a motion to dismiss, the allegations of the complaint must be accepted as true. Cruz v. Beto, 405 U.S. 319, 322 (1972). The court is bound to give the plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint. Retail Clerks Int'l Ass'n v. Schermerhorn, 373 U.S. 746, 753 n.6 (1963). Thus, the plaintiff need not necessarily plead a particular fact if that fact is a reasonable inference from facts properly alleged. See id.

Nevertheless, it is inappropriate to assume that the plaintiff "can prove facts which it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." Associated Gen. Contractors of Calif., Inc. v. Calif. State Council of Carpenters, 459 U.S. 519, 526 (1983). Moreover, the court "need not assume the truth of legal conclusions cast in the form of factual allegations." United States ex rel. Chunie v. Ringrose, 788 F.2d 638, 643 n.2 (9th Cir. 1986). Indeed, "[t]hreadbare recitals of the elements of a

4

cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009)(citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

Ultimately, the court may not dismiss a complaint in which the plaintiff alleged enough facts to "state a claim to relief that is plausible on its face." Iqbal, 129 S. Ct. at 1949 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Only where a plaintiff has failed to "nudge [his or her] claims across the line from conceivable to plausible," is the complaint properly dismissed. Id. at 1952. When there are well-pleaded factual allegations, "a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id. at 1950.

## ANALYSIS

Title II of the ADA provides, in pertinent part, that "no qualified individual with a disability shall, by reason of such disability, be excluded from participating in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by such entity." In Zimmerman v. State of Oregon Dep't of Justice, 170 F.3d 1169, 1184 (9th Cir. 1999), the Ninth Circuit held that Title II of the ADA does not apply to employment claims. The court held that "when viewed as a whole, the text, context and structure of the ADA show unambiguously that Congress did not intend for Title II to apply to employment." Id. at 1178.

Plaintiff does not dispute that her fourth claim for relief is an employment claim. Indeed, plaintiff acknowledges that Zimmerman is controlling authority directly on point. (Opp'n at

5

4-5.)  She contends nonetheless that it is wrongly decided, and asks the court to decline to apply it and instead follow other circuit authority which has permitted employment claims under Title II of the ADA.  See e.g. Innovative Health Sys., Inc. v. City of White Plains, 117 F.3d 37, 44-45 (2d Cir. 1997) (holding "the language of Title II's antidiscrimination provision does not limit [its] coverage to conduct that occurs in the 'programs, services, or activities' of [a public entity].  Rather, it is a catch-all phrase that prohibits all discrimination by a public entity, regardless of the context[.]"); accord Bledsoe v. Palm Beach County Soil and Water Conservation Dist., 133 F.3d 816, 820 (8th Cir. 1998); Doe v. Univ. of Md. Med. Sys. Corp., 50 F.3d 1261, 1264-65 (4th Cir. 1995).

    Clearly, this court is bound to follow Ninth Circuit authority.  There is no dispute here that Zimmerman controls the instant question.  In this circuit, an employment harassment, discrimination or retaliation claim against a public entity is not cognizable under Title II of the ADA.  Zimmerman, 170 F.3d at 1184.  As such, defendants' motion on this issue must be granted.

**CONCLUSION**

    Defendants' motion to dismiss plaintiff's ADA claim is GRANTED.  Plaintiff cannot state a claim against CHP for violation of Title II of the ADA.  Defendants' motion is also granted with respect to Paragraph 84 of the FAC; as previously found by the court, in its June 24, 2009 Memorandum and Order, plaintiff cannot allege violation of 18 U.S.C. § 664 as a

///

///

predicate RICO act.

   IT IS SO ORDERED.

 DATED: September 29, 2009

_____
FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE